```
                     UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
_____
                               )
HAN KIM, et al.,               )
                               )
        Plaintiffs,            )
                               )
        v.                     )   Civil Action No. 09-648 (RWR)
                               )
DEMOCRATIC PEOPLE'S REPUBLIC   )
of KOREA, et al.,              )
                               )
        Defendants.            )
_____)
```

### MEMORANDUM ORDER

Plaintiffs Han Kim and Yong Seok Kim bring this civil action under the terrorism exception of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, seeking damages against officials, employees and agents of defendant Democratic People's Republic of Korea ("DPRK") in connection with the January 16, 2000 abduction of Reverend Kim Dong Shik ("Reverend Kim"), who is Han's father and Yong's brother.  The plaintiffs allege that following his abduction, Reverend Kim was forcibly transferred to North Korea where he was repeatedly tortured by officials, employees and agents of DPRK.

As a jurisdictional statute, the FSIA permits courts to enter judgments of liability against foreign states only where a plaintiff produces satisfactory evidence that a foreign state's conduct falls within one of the enumerated exceptions to sovereign immunity.  28 U.S.C. § 1605A(a)(1).  Plaintiffs rely on the exception for torture, arguing that "[t]he evidence submitted

demonstrates that it is far more likely than not that Reverend Kim suffered and continues to suffer the torture and brutal conditions meted out to all 'enemies' of the DPRK unfortunate enough to fall into the hands of the DPRK's security services." (Pls.' Proposed Findings of Fact and Conclusions of Law at 42.) Although plaintiffs proffer no direct evidence of torture, their expert testimony and circumstantial evidence purport to establish plaintiffs' entitlement to relief.

In Price v. Socialist People's Libyan Arab Jamahiriya, 294 F.3d 82 (D.C. Cir. 2002), the D.C. Circuit, considering the sufficiency of allegations of torture on a motion to dismiss, emphasized the high standard that the statutory definition of torture imposes.[1] The court reasoned that under the statutory definition, "torture does not automatically result whenever individuals in official custody are subjected even to direct physical assault." Id. at 93.  Rather, "[t]he critical issue is the degree of pain and suffering that the alleged torturer

---

[1] The FSIA adopts the definition of torture contained in section 3 of the Torture Victim Protection Act, namely "any act, directed against an individual in the offender's custody or physical control, by which severe pain or suffering (other than pain or suffering arising only from or inherent in, or incidental to, lawful sanctions), whether physical or mental, is intentionally inflicted on that individual for such purposes as obtaining from that individual or a third person information or a confession, punishing that individual for an act that individual or a third person has committed or is suspected of having committed, intimidating or coercing that individual or a third person, or for any reason based on discrimination of any kind." 28 U.S.C. § 1605A(h)(7) (citing 28 U.S.C. § 1350 note).

- 3 -

intended to, and actually did, inflict upon the victim.  The more intense, lasting, or heinous the agony, the more likely it is to be torture."  Id.  In light of this understanding, the court found insufficient allegations that plaintiffs were held for approximately three months in a political prison where they allegedly "endured deplorable conditions while incarcerated, including urine-soaked mattresses, a cramped cell with substandard plumbing that they were forced to share with seven other inmates, a lack of medical care, and inadequate food," and further "were kicked, clubbed and beaten by prison guards, and interrogated and subjected to physical, mental and verbal abuse." Id. at 86 (internal quotations omitted).  The court found that the "plaintiffs' complaint offer[ed] no useful details about the nature of the kicking, clubbing, and beatings that plaintiffs allegedly suffered," and "[a]s a result, there [was] no way to determine from the present complaint the severity of plaintiffs' alleged beatings -- including their frequency, duration, the parts of the body at which they were aimed, and the weapons used to carry them out -- in order to ensure that they satisfy the TVPA's rigorous definition of torture."  Id. at 93; see also Simpson v. Socialist People's Libyan Arab Jamahiriya, 326 F.3d 230 (D.C. Cir. 2003) (finding allegations of forcibly removing passenger from ship, holding her incommunicado, and threatening her with death did not constitute torture under FSIA).

- 4 -

The expert affidavits and accompanying material upon which the plaintiffs here rely refer to a wide variety of abuses to which people held in North Korean prison camps are subjected. For plaintiffs to establish their claim for a default judgment against a foreign state "by evidence [that is] satisfactory to the court[,]" 28 U.S.C. § 1608(e), the showing must satisfy the strict standards articulated in Price regarding useful details about the torture that Reverend Kim allegedly suffered and the severity of it.  In order to facilitate the jurisdictional inquiry into whether the plaintiffs' evidence "satisf[ies] the TVPA's rigorous definition of torture," Price, 294 F.3d at 93, the plaintiffs will be directed to supplement their proposed findings of fact and conclusions of law.  Accordingly, it is hereby

ORDERED that the plaintiffs file by October 1, 2012 a supplement providing further evidentiary support for their allegation of torture.

SIGNED this 17th day of August, 2012.

                                            /s/
                                RICHARD W. ROBERTS
                                United States District Judge